IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEIGHTON BRISSETT,** : | |
| : | |
| **Petitioner** : | |
| : | 3:19-cv-00712 |
| v. : | (JUDGE MARIANI) |
| : | |
| **U.S. DEPARTMENT OF** : | |
| **HOMELAND SECURITY,** : | |
| : | |
| **Respondent** : | |

# MEMORANDUM

## I. Background

On April 26, 2019, Petitioner Leighton Brissett, a native and citizen of Jamaica, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Department of Homeland Security ("DHS") and United States Immigration and Customs Enforcement ("ICE"). (Doc. 1). In the petition, Petitioner asserted that:

> [o]n September 18th 2017 Petitioner was arrested on a Simple Assault charge. He plead guilty and was sentenced to a combination of probation and house arrest. Upon completion of his term, he was taken into Immigration and Customs Enforcement (ICE) and placed in Removal Proceedings. Removal Proceedings were decided in the Petitioner's favor and his case was terminated.

(*Id.* at 4). Nonetheless, Petitioner remained incarcerated and thus requested that "his continued detention is reviewed for constitutionality" and that the Court order him "released from custody in his family's custody awaiting further immigration proceedings." (*Id.* at 4-5).

At the time his petition was filed, Brissett was detained at the York County Prison, in York, Pennsylvania. (*See* Doc. 1).

On October 3, 2019, Respondent filed a suggestion of mootness stating that Petitioner was released from ICE custody on September 20, 2019. (Doc. 8). Respondent argues that Brissett's habeas petition is therefore moot and should be dismissed. (*Id.*). In an effort to confirm the custodial status of Petitioner, the Court accessed the United States Immigration and Customs Enforcement Online Detainee Locator System, which revealed that Petitioner is no longer in the custody of that agency.[1] For the reasons set forth below, the Court will dismiss the habeas petition as moot.

## II. Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)).

In the present case, the habeas petition challenges Petitioner's continued detention.

---

[1] Upon entering Petitioner's alien registration number, 207890889, and his country of birth, Jamaica, into the ICE Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do, the results returned no matches for any such detainee. Additionally, Petitioner is no longer listed as an inmate at the York County Prison.

(*See* Doc. 1). Since the filing of the petition, Petitioner has been released from ICE custody. Thus, the petition no longer presents an existing case or controversy. *See Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4; *Sanchez v. AG*, 146 F.App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released). Accordingly, the instant habeas corpus petition will be dismissed as moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")).

A separate Order shall issue.

Robert D. Mariani
United States District Judge